Stuart Price, Esq. (SBN: 150439)
PRICE LAW GROUP, APC
6345 Balboa Blvd, Suite 247
Building 2
Encino, CA 91316
T: 818-907-2030
F: 818-205-3730
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Steven Ebueng

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN EBUENG,<br><br>   Plaintiff,<br>vs.<br><br>CREDIT ONE BANK, N.A. and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Case No.  5:17-cv-1991<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.], and<br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25 |

**DEMAND FOR JURY TRIAL**

1. Please take notice that Plaintiff demands a trial by jury in this action.

**INTRODUCTION**

2. Steven Ebueng ("Plaintiff") brings this action to secure redress from Credit One Bank and Experian Information Services, Inc., (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. and CAL. CIV. CODE § 1788 et seq., for their illegal reporting on Plaintiff's credit reports.

**PARTIES**

3. Plaintiff Steven Ebueng is a consumer, a natural person and a citizen of the United States of America who presently resides in: Riverside County, California.

4. Defendant Credit One Bank is a credit card provider with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

**5.** Defendant Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f)), with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## JURISDICTION

6. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant transacts business in this district, as such personal jurisdiction is established.

## FACTUAL ALLEGATIONS

8. On information and belief, Defendant Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.

9. On information and belief, Experian disburses the *consumer reports* to third parties under contract for monetary compensation.

10. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. On or about April 7, 2017, Plaintiff filed for Chapter 7 bankruptcy.

12. Plaintiff's Credit One Bank credit card account was listed on the Chapter 7 Schedule of Creditors.

13. On April 10, 2017, Defendant made an inquiry on Plaintiff's credit report and knew at least by April 10, 2017, that Plaintiff had filed bankruptcy.

14. On or about July 17, 2017, Plaintiff's bankruptcy was discharged.

15. At the end of July, after Plaintiff's bankruptcy was discharged, he pulled his Experian credit report and noticed that Credit One was continuing to report his account as past due.

16. Shortly thereafter, Plaintiff filed an online dispute with Experian, stating that the Credit One account is reporting inaccurately because it was included in his bankruptcy.

17. Experian responded to Plaintiff's dispute stating that Credit One had "verified" that the information was correct as reported and no changes would be made.

18. On August 22, 2017, Plaintiff received an alert from Experian that his Credit One account was "120 days past due."

19. On August 24, 2017, Credit One made another inquiry on Plaintiff's Credit report, after responding to the dispute by Plaintiff and knew or should have known that Plaintiff's bankruptcy had been discharged in bankruptcy.

20. On September 20, 2017, Plaintiff received another alert from Experian that his Credit One account was now "150 days past due."

21. On September 22, 2017, Plaintiff pulled his three-bureau credit report and noticed that Credit One was reporting a balance due and past due balance.

22. Plaintiff sought the protection of bankruptcy due to an unexpected hardship, yet Defendants are making it difficult for him to start over fresh.

23. The inaccurate credit reporting by the Defendants hinders Plaintiff from repairing his credit by showing a debt discharged in bankruptcy as due and owing.

24. Plaintiff has suffered a refinance of his automobile by his own bank and has been unable to refinance his auto loan.

25. The inaccurate reporting on Plaintiff's credit report has caused Plaintiff emotional distress and mental anguish by forcing Plaintiff back into Court less than a year after completing the traumatic experience of filing Chapter 7 bankruptcy.

## COUNT I – FIRST CLAIM OF RELIEF
### ALL DEFENDANTS
**Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.***

26. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The FCRA requires a furnisher such as Credit One Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the

information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

28. Since April 2017 and until the present, Defendant Credit One Bank has provided inaccurate information to Defendant Experian.

29. During that time, Mr. Ebueng notified Defendant Experian that the reported account balance/status was incorrect and that the account was supposed to be included in bankruptcy. Thereafter, Defendant Experian notified Defendant Credit One Bank that Mr. Ebueng was disputing the information it had furnished to the credit reporting agency.

30. Defendant Credit One Bank is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violations 15 U.S.C. § 1681s-2(b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit

reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

31. Defendant Credit One Bank is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

32. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumers dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

33. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-

reporting agency is required to "review and consider all relevant information submitted by the consumer."

34. Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

35. Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

36. Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

37. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

38. Defendant Experian's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**COUNT II – SECOND CLAIM OF RELIEF**
**Defendant Credit One Bank**
**Violations of the California Consumer Credit Reporting Agencies Act (CCCRAA), CAL. CIV. CODE § 1788.25 *et seq.***

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint.

40. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

41. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the

consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information and accurate.

42. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

43. Defendant Credit One Bank negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

44. Based on the violations of California Civil Code § 1785.25(a), Plaintiffs are entitled to the remedies affording by § 1785.31(a)(1), including actual damages, attorney's fees, pain and suffering, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants Credit One Bank, N.A. and Experian Information Solutions, Inc. for the following:

A. Actual damages pursuant to 15 U.S.C. § 1681n(a) and CAL. CIV. CODE § 1785.31(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

C. Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2) and CAL. CIV. CODE § 1785.31(a)(2)(b);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b) and CAL. CIV. CODE § 1785.31(a)(1);

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: September 29, 2017

**PRICE LAW GROUP, APC**

By: /s/ Stuart Price
Stuart Price (SBN 150439)
6345 Balboa Blvd, Suite 247
Building 2
Encino, CA 91316
T: 818-907-2133
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Steven Ebueng