UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-01991-MWF (ASx)     **Date:** February 20, 2018
**Title:** Steven Ebueng v. Credit One Bank, N.A., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT [26]

Before the Court is Plaintiff Steve Ebueng's Application for Default Judgment Pursuant to Clerk's Entry of Default against Defendant Credit One Bank, N.A. (the "Application"), filed on January 4, 2018. (Docket No. 26). Defendant Credit One Bank, N.A. ("Credit One") did not file an Opposition. The Court has read and considered the Complaint and the papers filed in connection with the Application and held a hearing on **February 5, 2018**. Mr. Ebueng appeared at the hearing through counsel, but Credit One did not.

For the reasons set forth below, the Application is **GRANTED in part**. Mr. Ebueng has satisfied all procedural and substantive requirements for a default judgment.

## I. BACKGROUND

The Complaint contains the following allegations, which are accepted as true for purposes of the Application. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-17-01991-MWF (ASx)**            **Date:  February 20, 2018**
**Title:**     Steven Ebueng v. Credit One Bank, N.A., et al.

    Mr. Ebueng is a resident of Riverside, California.  (Complaint ¶ 3).  Credit One is a credit card provider with its principal place of business in Las Vegas, Nevada.  (*Id.* ¶ 4).

    On April 7, 2017 Mr. Ebueng filed for Chapter 7 bankruptcy.  (*Id.* ¶ 11).  Mr. Ebueng's Credit One-issued credit card account was listed on his Chapter 7 Schedule of Creditors.  (*Id.* ¶ 12).  Later that same month, Credit One made an inquiry on Mr. Ebueng's credit report, and so Credit One had knowledge of Mr. Ebueng's bankruptcy filing.  (*Id.* ¶ 13).  On July 17, 2017 Mr. Ebueng's bankruptcy was discharged.  (*Id.* ¶ 14).

    At the end of July, Mr. Ebueng pulled his Experian credit report and noticed that Credit One continued to report his credit balance as past due.  (*Id.* ¶ 15).  Mr. Ebueng then filed a dispute with Defendant Experian, stating that the Credit One account report was inaccurate because it was included in his bankruptcy.  (*Id.* ¶ 16).  Experian responded to this dispute claiming that Credit One had "verified" the past due amount as correct, and no changes to the report would be made.  (*Id.* ¶ 17).

    On August 24, 2017, Credit One made another inquiry on Mr. Ebueng's credit report, at which point Credit One knew or should have known that the bankruptcy had been discharged.  (*Id.* ¶ 19).  Meanwhile, in August and September, Mr. Ebueng continued to receive alerts from Experian that his Credit One account was past due.  (*Id.* ¶¶ 18, 20-21).

    As a result of Defendants' actions, Mr. Ebueng has been unable to repair his credit or refinance his auto loan, and has suffered emotional distress.  (*Id.* ¶¶ 22-25).

    Based on the facts described above, Mr. Ebueng asserted two claims against the Defendants: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25 *et seq.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-01991-MWF (ASx)        **Date:** February 20, 2018
**Title:** Steven Ebueng v. Credit One Bank, N.A., et al.

## II. DISCUSSION

### A. Service and Other Procedural Requirements

Having reviewed the filings in this action and heard from Mr. Ebueng at the hearing, the Court is satisfied that Mr. Ebueng has met all procedural requirements for obtaining a default judgment against the Credit One.

Two Proofs of Service of the Summons and Complaint have been filed as to Credit One. At the hearing, Mr. Ebueng's counsel stated that the second Proof of Service (Docket No. 18) demonstrates that service was effected on Credit One at the address registered as its service address with the Nevada Secretary of State, by giving the papers to a paralegal named Jane Lowman, in compliance with Federal Rule of Civil Procedure 4. (*See* Declaration of Stuart M. Price ¶ 7 (Docket No. 27)). Mr. Ebueng's counsel further stated at the hearing that he has served the same party in the same manner in another lawsuit that is currently proceeding. In light of these representations, the Court is satisfied that Credit One received notice of this lawsuit in accordance with Rule 4.

As a matter of discretion, the Court also requires that a plaintiff serve a motion for default judgment on the relevant defendant(s). The Court does not require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendants. Mr. Ebueng served Credit One, via Ms. Lowman, with notice of this Application. (Docket No. 33). At the hearing, counsel for Mr. Ebueng indicated that they first attempted to serve notice of the Application at the same address on which they served the Complaint and Summons, but were notified that the registered agents had moved. Accordingly, service was effected at the new address. The Court is therefore satisfied that Mr. Ebueng has made reasonable efforts to notify Credit One of this Application.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Having reviewed the filings in this action, the Court determines that the five procedural requirements of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-17-01991-MWF (ASx)**               **Date:  February 20, 2018**
Title:     Steven Ebueng v. Credit One Bank, N.A., et al.

Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against the Credit One on December 27, 2017 (Docket No. 23); (2) Credit One failed to respond to the Complaint; (3) Credit One is not an infant or incompetent person; (4) Credit One is not serving in the military and thus the Service Members Civil Relief Act does not apply; and (5) Mr. Ebueng has served Credit One with notice of this Application in a manner deemed appropriate by the Court.

### B.     The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the Complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.  *Id*.

The second, third, and fourth factors are addressed in further detail below.  The Court concludes that, apart from the seventh factor favoring a decision on the merits, all of *Eitel* factors support a default judgment.

### 1.     Fair Credit Reporting Act Claim

Under the FCRA, "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer… that such specific information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(B). If a consumer disputes the information in a credit report by filing an official dispute with the credit reporting agency ("CRA"), the issuing agency has a duty to conduct a reasonable, non-cursory investigation of the dispute, and then report the results of that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-01991-MWF (ASx)  **Date:** February 20, 2018
**Title:**   Steven Ebueng v. Credit One Bank, N.A., et al.

investigation back to CRA.  *See* 15 U.S.C. §1681-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Whether or not an issuer's investigation is deemed reasonable depends on what the issuer learned from the notice of dispute. *Id*. at 1158. If an issuer fails to comply with these requirements, that issuer is liable under the FCRA. *Id.* at 1157.

Under 15 U.S.C. § 1681o, if a plaintiff is able to prove that a defendant "negligently" violated the FCRA, he would be entitled to recover "any actual damages sustained . . . as a result of the failure." 15 U.S.C. § 1681o(a); *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358-MMM (PLAx), 2013 WL 10155707, at *5 (C.D. Cal. May 14, 2013).  Under 15 U.S.C. § 1681n, if a plaintiff is able to prove that "willful" violation of the FRCRA, he would be entitled to "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," and punitive damages "as the court may allow."  15 U.S.C. § 1681n(a); *Mnatsakanyan*, 2013 WL 10155707, at *5.

Mr. Ebueng appears to seek relief under both § 1681o and § 1681n.  (*See* Compl. ¶ 30; App. at 4-6).

The Court first addresses the claim for actual damages under § 1681o.  "[U]nlike for a willful violation, damages are an element of a claim for a negligent violation of the FCRA."  *Hariton v. Chase Auto Finance Corp.*, No. CV 08–6767 AHM, 2010 WL 3075609, *5 (C.D. Cal. Aug. 4, 2010) (citing 15 U.S.C. § 1681o).  Mr. Ebueng seeks compensatory damages of $25,000.  (App. at 6).  While the Court must accept all factual allegations in the complaint as true, it need not accept allegations regarding damages.  *See Garvin v. Tran*, No. CV 07–01571-HRL, 2011 WL 5573995, *2 (N.D. Cal. Nov. 16, 2011) ("[A]ll factual allegations in the plaintiff's complaint are taken as true, except those relating to damages." (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987))).  Rather, a plaintiff "must 'prove up' the amount of damages."  *Philip Morris USA Inc. v. Banh*, No. CV 03–4043-GAF (PJWx), 2005 WL 5758392, *6 (C.D. Cal. Jan.14, 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-17-01991-MWF (ASx)**                              **Date:  February 20, 2018**
**Title:      Steven Ebueng v. Credit One Bank, N.A., et al.**

Although the Court is sympathetic to the financial and emotional harm Mr. Ebueng may have suffered as a result of Credit One's conduct, Mr. Ebueng proffers no evidence that he suffered harm totaling $25,000 beyond a vague declaration.  (*See* Declaration of Steven Ebueng (Docket No. 28)).  Mr. Ebueng's bare-boned allegations as to the amount of damages suffered are insufficient to justify a default money judgment in that amount against Credit One.  Accordingly, Mr. Ebueng has not satisfied the damages element of a violation of § 1681o, and the Court declines to enter a default judgment awarding compensatory damages under that statute.  *See Mnatsakanyan*, 2013 WL 10155707, at *6 (declining to grant default judgment to plaintiff under § 1681o where plaintiff's allegations of actual damages were conclusory and bare).

The Court next turns to Mr. Ebueng's request for statutory damages under § 1681n.  Under § 1681n(a), "[T]he court may award either actual damages or statutory damages which range from $100 to $1000 per consumer, as well as punitive damages, costs, and attorney fees for willful violations of the statute."  *Mnatsakanyan*, 2013 WL 10155707, at *6 (quoting *Chavez v. Premier Bankcard, LLC*, No. CV 11–01101-LJO, 2011 WL 5417107, *4 (E.D. Cal. Nov. 8, 2011)).  The Supreme Court recently defined "willful" for purposes of the FCRA as including both knowing and reckless violations of the statute.  *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007); *Mnatsakanyan*, 2013 WL 10155707, at *7.

Here, Mr. Ebueng has pled facts demonstrating that Credit One acted in at least reckless disregard.  After Experian notified Credit One of the dispute regarding Credit One's reporting of Mr. Ebueng's credit card account and although Credit One twice made inquiries into Mr. Ebueng's credit report, Credit One is alleged to have willfully failed to properly investigate and correct the inaccurate report, and to have willfully continued to furnish inaccurate information to CRAs.

Accordingly, the Court is satisfied that Mr. Ebueng would succeed on his claim under § 1681n, and that his request for the maximum amount of statutory damages permitted by that statute –$1,000 – is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-01991-MWF (ASx)          **Date:** February 20, 2018
**Title:** Steven Ebueng v. Credit One Bank, N.A., et al.

### 2. California Consumer Credit Reporting Agencies Act Claim

Under California law, "a person shall not furnish information... to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). As described above, Mr. Ebueng has adequately alleged that Credit One recklessly furnished inaccurate information to CRAs. He therefore has stated a claim under the CCRAA. *See Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12, 3 Cal. Rptr. 3d 301 (2003) ("Because the Credit Reporting Act is substantially based on the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1681–1681t), judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions").

As described above, Mr. Ebueng has not "proved up" any actual damages. Therefore, the Court cannot award actual damages under Cal. Civ. Code § 1785.31(a)(1). Mr. Ebueng's request for maximum punitive damages of $5,000 as provided by § 1785.31(a)(2) for willful violations, though, is appropriate.

### C. Remedies

Having determined that entry of default is appropriate, the Court next must consider remedies. As discussed above, although Mr. Ebueng seeks actual and statutory damages under the FCRA and CCRAA, the Court only finds it appropriate to award the amounts provided by statute. Accordingly, the Court awards Mr. Ebueng $1,000 under 15 U.S.C. § 1681n and $5,000 under California Civil Code section 1785.31(a).

Mr. Ebueng also seeks attorneys' fees and costs. (Compl. at 9; App. at 7). He seeks a total of $4,675 in fees, plus $462.50 in costs (App. at 7), in addition to the fees and costs incurred in attending the hearing on February 5, 2018. As the Court indicated at the hearing, the Local Rules provide a schedule for determining attorneys' fees on motions for default judgment where the applicable statute provides for the recovery of attorneys' fees. *See* L.R. 55-3. According to that schedule, with a total judgment of $6,000, Mr. Ebueng is also entitled to an attorneys' fee award of $800. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-01991-MWF (ASx)        **Date:** February 20, 2018
**Title:**    Steven Ebueng v. Credit One Bank, N.A., et al.

In the Court's discretion, in light of counsel's efforts, the Court awards an additional $1,000 in attorneys' fees, for a total of $1,800.

The Court also awards the requested $462.50 in costs, plus the additional $28 counsel indicated he incurred in attending the hearing, for a total of $490.50 in costs.

Therefore, the total award of attorneys' fees and costs is $2,290.50.

### III.  CONCLUSION

For the foregoing reasons, the Application is **GRANTED**.  The Court awards a total of $8,290.50.

A separate Judgment will issue.

 IT IS SO ORDERED.